UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LONNIE GENE GREER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:13-CR-73-JRG-MCLC-1 |
| | ) | 2:16-CV-119-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **MEMORANDUM OPINION**

Presently before the Court are a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a counseled supplemental § 2255 motion filed by Lonnie Gene Greer, Jr., ("Petitioner") which challenge his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]  In light of both *Johnson* and the recent *en banc* decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that Petitioner no longer qualifies as an armed career criminal under the ACCA.  Accordingly, Petitioner's pro se § 2255 motion [Doc. 68] and supplemental § 2255 motion [Doc. 76] will be **GRANTED.**

**I.     BACKGROUND**

On August 13, 2013, a grand jury sitting in the Eastern District of Tennessee returned a three-count indictment charging Petitioner in all three counts with possession of a firearm by a

---

[1] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review."  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 1]. On April 16, 2014, Petitioner entered a plea of guilty as to Count One [Doc. 29].

The presentence investigation report ("PSIR") identified four previous convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) a December 22, 2011, conviction for aggravated burglary in the Washington County, Tennessee, Criminal Court [Doc. 32 ¶ 59]; (2) two convictions on December 22, 2011, for robbery and for aggravated burglary in the Washington County, Tennessee, Criminal Court [*Id.* ¶ 60]; and (3) a December 22, 2011, conviction for aggravated burglary in the Washington County, Tennessee, Criminal Court [*Id.* ¶ 61].[2] As an armed career criminal, Petitioner was subject to a statutory mandatory minimum incarceration sentence of 15 years to a maximum of life and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 262 to 327 months [*Id.* ¶¶ 87, 88].

On September 29, 2014, Petitioner was sentenced to a term of imprisonment of 180 months, to run concurrently to any sentence that Petitioner received in the Washington County Criminal Court, and a term of supervised release of 3 years [Doc. 61 pp. 2–3]. Petitioner did not file a direct appeal.

---

[2] The ACCA requires three previous convictions committed "on occasions different from one another." 18 U.S.C. § 924(e)(1). The Sixth Circuit has held that "under the ACCA, a career criminal is one who has been convicted of three criminal 'episodes.'" *United States v. Hockenberry*, 730 F.3d 645, 667 (6th Cir. 2013) (quoting *United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008)). "Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *McCauley*, 548 F.3d at 448. Accordingly, crimes that a defendant commits against different victims, in different places, and at different times, will generally be separate offenses. *Hockenberry*, 730 F.3d at 667. Thus, "even when convictions 'were sentenced on the same day, they count separately for purposes of calculating an ACCA enhancement.'" *Id.* (quoting *United States v. Kearney*, 675 F.3d 571, 575 n. 5 (6th Cir. 2012)).

On May 9, 2016, Petitioner filed a pro se § 2255 motion challenging his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 68]. On June 17, 2016, Petitioner's court-appointed counsel filed a supplemental § 2255 motion expounding upon Petitioner's *Johnson* argument [Doc. 76].

The government's motion to defer ruling on Petitioner's motions pending an *en banc* decision from the Sixth Circuit in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), was granted by the Court on October 24, 2016 [Doc. 80]. On June 27, 2017, the Sixth Circuit issued its *en banc* decision holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856.

On July 24, 2017, the parties filed a joint status report agreeing that Petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 83].

## II. ANALYSIS

### A. TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, Petitioner filed his pro se § 2255 motion raising a *Johnson* claim on May 9, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

**B.     STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**C.     PETITIONER'S *JOHNSON* CLAIM**

4

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, three of Petitioner's four predicate offenses were convictions for aggravated burglary in violation of Tennessee Code. Annotated § 39-14-403 [Doc. 32 ¶¶ 59, 60, 61]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the *en banc Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B),[3] and *Johnson* invalidated the residual clause, Petitioner's aggravated burglary convictions under the Tennessee statute no longer can be used as predicate offenses under the ACCA. Furthermore, absent those convictions, Petitioner no longer has the

---

[3] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 83 at 2].

requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.[4]

Accordingly, the *Johnson* and *Stitt* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 180-month term of imprisonment imposed by the Court exceeded the maximum authorized sentence of not more than 10 years' imprisonment for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013).

Here, although the parties are in agreement that Petitioner is entitled to § 2255 relief, they disagree as to the most appropriate form of that relief. The government submits that the appropriate relief would be to correct and reduce Petitioner's sentence to 120 months' imprisonment, the applicable statutory maximum for a violation of § 922(g)(1) for a non-armed career criminal [Doc. 83 at 3]. Petitioner, however, seeks a sentence below 120 months' imprisonment and requests a full resentencing hearing [*Id.*].

Due to the disparity in the parties' proposed resolutions, the Court believes that the most appropriate form of relief in this case is to resentence Petitioner following a full resentencing

---

[4] Because Petitioner's aggravated burglary convictions clearly no longer qualify as ACCA predicate offenses, the Court need not address Petitioner's argument that his robbery conviction likewise no longer so qualifies.

hearing. The Court will direct the Probation Office to prepare an Addendum containing a re-calculation of Petitioner's advisory guideline sentencing range under the current Guidelines Manual and detailing Petitioner's post-sentencing conduct. A resentencing hearing will be set and the parties will be given an opportunity to submit sentencing memoranda prior to the hearing. The Court will enter an order accordingly.

## III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to relief under § 2255 and will grant his pro se § 2255 motion [Doc. 68] and supplemental § 2255 motion [Doc. 76]. The Judgment imposed by the Court on September 29, 2014 [Doc. 61], will be vacated and a resentencing hearing will be set. The United States Probation Office will be directed to provide the Court with information necessary for sentencing. The Clerk of Court will be directed to close the civil case at No. 2:16-CV-119.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE